UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON KELLY BOWERS,

     Plaintiff,

                                          Case No. 1:23-cv-610

v.

                                          HON. JANE M. BECKERING

UNKNOWN JONES,

     Defendant.
_____/

**OPINION AND ORDER**

This is a pro se prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff Jason Bowers initiated this action by filing a six-page Complaint that sets forth a single First Amendment retaliation claim (*see* Ver. Compl., ECF No. 1 at PageID.5).  Plaintiff alleges that Defendant Jones retaliated against him after Plaintiff threatened to file a grievance regarding the cancellation of a visit between Plaintiff and his wife (*see id.* at PageID.1, 4, 5).  Defendant moved for summary judgment on the merits of Plaintiff's retaliation claim (*see* MSJ, ECF No. 29).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, ECF No. 38), recommending that the Court deny the motion for summary judgment.

Presently before the Court are Defendant's objections to the Report and Recommendation (*see* Obj., ECF No. 39).  Plaintiff declined to file any objections.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has reviewed de novo those portions of the Report and Recommendation to which objections have been made.  The Court concludes that Defendant's objections have merit and will grant the motion for summary judgment.

Plaintiff has not objected to the Magistrate Judge's summary of the facts at issue, which are straightforward and undisputed unless otherwise noted herein.  "On February 24, 2023, Defendant Jones received an email from Patricia Benson, the Warden's Administrative Assistant, informing [Defendant] that three upcoming in-person visits with Plaintiff 'have been cancelled' because they exceeded the allowed number of monthly in-person visits" (R&R, ECF No. 38 at PageID.198).  The administrative assistant or another prison official—not Defendant—canceled the visits.[1]  Later that day, Defendant let Plaintiff know about the cancellation (*id.*).  "Plaintiff responded by informing [Defendnat] that he would be filing a grievance against him," and Plaintiff attests that he filed that grievance the next day (*id.*; *accord* Ver. Compl., ECF No. 1 at PageID.4, 5 (alleging that "Defendant would then explain to plaintiff he would not be receiving his visit . . . plaintiff immediately informed defendant that he would be filing a grievance on him" and further alleging that Defendant retaliated against Plaintiff because he "engag[ed] in protected conduct [by] stating he would be filing a grievance"); Pl. Decl., ECF No. 33 at PageID.178 (same)).

A memo went out "that same day" permitting prisoners additional visitation privileges (*see* R&R, ECF No. 38 at PageID.198).  Plaintiff has submitted a declaration authored by a fellow inmate, Kyle Kalis, attesting that Defendant reinstated one of his visits based on this memo (*see* Kalis Decl., ECF No. 1-2 at PageID.10), but Plaintiff argues that Defendant refused to reinstate Plaintiff's cancelled visits because of Plaintiff's threat to file a grievance against Defendant (*see* R&R, ECF No. 38 at PageID.198–199).

---

[1] Plaintiff attached an exhibit to his opposition to Defendant's motion for summary judgment confirming that another prison official, not Defendant, cancelled the relevant visits because they "were outside of the three that are allowed," underscoring the absence of a factual dispute on this point (*see* Opp., ECF No. 32-2 at PageID.175; *accord* Def. Decl., ECF No. 30-4 at PageID.149 ("The decision to cancel [Plaintiff's] visits was not made by me. It was not within my discretion to cancel the scheduled visits")).

The Magistrate Judge concluded that this evidence gave rise to a single triable question of fact: whether Defendant's refusal to "reinstate" Plaintiff's canceled visits qualifies as retaliation for Plaintiff's threatened grievance (*see id.* at PageID.199 (stating without objection from Plaintiff that "the protected conduct on which Plaintiff's retaliation claim is based is Plaintiff's threat, made when he met with Defendant Jones on February 24, 2023, to file a grievance against [Defendant]"). Defendant timely objected, challenging whether the Magistrate Judge properly identified "protected conduct" sufficient to support a retaliation claim (*see* Obj., ECF No. 39 at PageID.297).

After performing the required de novo review, and for the below reasons, the Court concludes that Defendant's objection has merit.  The undisputed record establishes that Plaintiff's grievance here does not qualify as "protected conduct" and that Defendant is entitled to summary judgment in his favor.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) ("A retaliation claim [has] three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct").

"An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf.  However, the right to file grievances is protected only insofar as the grievances are not 'frivolous.'"  *Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018) (quoting *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)).  "Abusive or manipulative use of a grievance system would not be protected conduct, and an inmate cannot immunize himself from adverse administrative action by prison officials merely by filing a grievance or a lawsuit and then claiming that everything that happens to him is retaliatory."  *Id.* (cleaned up).

The summary judgment record establishes that Plaintiff's threatened grievance[2] was based solely on Defendant informing Plaintiff that another prison official had cancelled some of Plaintiff's visits with his wife due to on a monthly limit (*see* Opp., ECF No. 32-2 at PageID.175; Pl. Decl., ECF No. 33 at PageID.178–179 ¶ 13 (indicating Plaintiff's grievance was based on Defendant informing him of another official's decision); R&R, ECF No. 38 at PageID.199 (same)). Plaintiff has failed to explain, with reference to applicable authority, how Defendant—as opposed to the prison official who actually canceled the relevant visits—engaged in grievable misconduct (*see generally* Ver. Compl., ECF No. 1; Pl. Decl., ECF No. 33).  Defendant also notes the absence of evidence that, at the time Plaintiff threatened to file his grievance, Defendant even knew the specific reasoning behind the denial of Plaintiff's visits or of subsequent prison policy changes allowing additional visits (*see* Obj., ECF No. 39 at PageID.208; Ver. Compl., ECF No. 1 at PageID.4 (providing no such evidence); Pl. Decl., ECF No. 33 at PageID.178 (providing no such evidence); *accord* Def. Decl., ECF No. 30-4 at PageID.149 ("The decision to cancel [Plaintiff's] visits was not made by me. It was not within my discretion to cancel the scheduled visits")).

Plaintiff fails to identify any "arguable basis in law or in fact" for a grievance based on Defendant informing Plaintiff of another prison official's decision to cancel a visit with Plaintiff's wife.  *See Miles v. Quainton*, No. 1:24-CV-53, 2024 WL 1363969, at *3 (W.D. Mich. Apr. 1,

---

[2] *See* Ver. Compl., ECF No. 1 at PageID.4 ("Defendant would then explain to plaintiff he would not be receiving his visit . . . plaintiff immediately informed defendant that he would be filing a grievance on him" after which Defendant allegedly retaliated against Plaintiff due to "plaintiff engaging in protected conduct [by] stating he would be filing a grievance"); Pl. Decl., ECF No. 33 at PageID.178 (attesting that Plaintiff filed a grievance solely based on Defendant informing him of another prison official's decision to cancel certain visits); Obj, ECF No. 39 at PageID.205 (noting Plaintiff's deposition testimony that he did not have "any other conversations with [Defendant] about the visits" beyond the one in which Defendant conveyed the cancellation news to Plaintiff); *see* R&R, ECF No. 38  at PageID.199 (stating without objection from Plaintiff that "the protected conduct on which Plaintiff's retaliation claim is based is Plaintiff's threat, made when he met with Defendant Jones on February 24, 2023, to file a grievance against [Defendant]").

4

2024).  The Sixth Circuit and district courts within this circuit routinely conclude that similarly "frivolous" grievances do not qualify as protected activity for purposes of a First Amendment retaliation claim.  *See, e.g., Ziegler v. State of Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004) ("The only grievance [plaintiff] had filed against the guard in question was many months earlier, and was frivolous, as it complained that she should not be able to conduct a non-invasive pat-down search[.]"); *Herron*, 203 F.3d at 415 (suggesting that the plaintiff had "no claim for retaliation" because his underlying activity was "frivolous"); *Wellons v. Butler*, No. 2:23-CV-91, 2023 WL 3860222, at *6 (W.D. Mich. June 7, 2023) (classifying as frivolous a grievance stating that an officer became "belligerent and disrespectful" when a prisoner refused to remove his hat); *Miles*, 2024 WL 1363969 at *3 ("Plaintiff's . . . retaliation claim against Defendant . . . fails at the very first step because the grievance Plaintiff threatened to file, and then filed, was patently frivolous" in that it challenged a permissible cell search and lacked an "arguable basis in law or in fact").[3]

---

[3] Furthermore, although the Court's conclusion does not rest on this point, the Sixth Circuit has noted an additional basis for determining that Plaintiff's threatened grievance was frivolous:

> Some cases in this Circuit appear to suggest that a prisoner's grievance is frivolous when the underlying grievance itself is *de minimis. Ziegler v. State of Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004) (finding a grievance frivolous when the prisoner complained that the prison officer should "not be able to conduct a non-invasive pat-down search" of her); *White–Bey v. Griggs*, 43 Fed. App'x 792, 794 (6th Cir. 2002) (finding grievances that "concerned being required to use a typewriter rather than a computer, and being required to sit quietly in defendant's office after being told again that there was no computer available for him to use" to be frivolous and not to "rise to the level of protected conduct"); *Scott v. Kilchermann*, 230 F.3d 1359, at *1–2 (6th Cir. 2000) (finding a grievance frivolous when the inmate complained that he had been subject to verbal abuse); *Thaddeus–X v. Love*, 215 F.3d 1327, at *2–3 (6th Cir. 2000) (finding a prisoner's threat to file a grievance against an officer for "eating waffles at a prison guard desk," which was against prison policy, "patently frivolous as the defendant's conduct had no adverse impact on [the prisoner]").

*Maben*, 887 F.3d at 264–65.  Also, as particularly relevant to the facts at bar, the Sixth Circuit suggested in *Herron* that "the retaliatory acts alleged by [the plaintiff] in this complaint, such as

At bottom, despite Plaintiff's argument that Defendant should not have denied the reinstatement of certain visits with his wife in February 2023 (*see* Opp., ECF No. 32-2 at PageID.175; Pl. Decl., ECF No. 33 at PageID.179 ¶ 14), applicable authority establishes that "[n]o matter what adverse action befell Plaintiff in response to his complaint, his threat, or his grievance, it did not violate Plaintiff's First Amendment rights" because a frivolous grievance cannot qualify as the "protected conduct" required to support a retaliation claim. *See Miles*, 2024 WL 1363969 at \*4; *Maben*, 887 F.3d at 264; *Herron*, 203 F.3d at 415.

Based on the de novo review conducted above, the Court concludes that Defendant is entitled to summary judgment in his favor on Plaintiff's sole claim, and thus the Court need not reach the remainder of Defendant's objections (*see generally* Obj., ECF No. 39).  Given that this Opinion and Order resolves all pending claims, the Court will enter a corresponding Judgment. *See* FED. R. CIV. P. 58.

Accordingly:

**IT IS HEREBY ORDERED** that Defendant's Objection (ECF No. 39) is GRANTED to the extent stated in this Opinion and Order and the Court declines to enter the Report and Recommendation (ECF No. 38) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 29) is GRANTED for the reasons stated in this Opinion and Order.

Dated:  February 18, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge

---

the *suspension of his wife's visitation privileges* and a threatened transfer to another facility," may well qualify as de minimis.  *See Herron*, 203 F.3d at 415.  Thus, if the Sixth Circuit does apply a "*de minimis* exception to prisoner grievances," that exception would provide an independently sufficient basis for granting the summary judgment motion here.  *See Maben*, 887 F.3d at 264–65.